June 6, 1990

CLERK OF COURT
SUPREME COURT. CNMI
FILED

90 JUN 6 P4:48

BY:

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

MARIA C. VAUGHN,                      )        APPEAL NO. 89-004
                                      )        CIVIL ACTION NO. 87-315
          Plaintiff/Appellee,         )
                                      )
     vs.                              )        **DECISION and ORDER**
                                      )
BANK OF GUAM,                         )
                                      )
          Defendant/Appellant.)
_____)

     Counsel for Appellant:    Oliver W. Bordallo, Esquire

     Counsel for Appellee:     Reynaldo O. Yana, Esquire

     Amicus Curiae:            Theodore R. Mitchell, Esquire

     Before DELA CRUZ, Chief Justice; VILLAGOMEZ, Justice; and

KOSACK, Special Judge.

PER CURIAM:

     This matter came on for hearing on May 3, 1990.  Two motions

filed by the appellant were entertained:  a motion to dismiss the

161

appeal without prejudice or, in the alternative, to hold it in abeyance; and, a motion for review by the full panel of the jurisdictional order issued on September 28, 1989, by a single justice.

## PROCEDURAL BACKGROUND

A Commonwealth Trial Court (now the "Superior Court") jury rendered a verdict in favor of Vaughn on June 1, 1988. Thereafter, the Bank of Guam appealed the judgment to the Appellate Division of the District Court for the Northern Mariana Islands (hereafter "Appellate Division"). On April 19, 1989, the Appellate Division issued an opinion affirming the trial court's decision. Vaughn v. Bank of Guam, No. 88-9013 (D.NMI App.Div. April 19, 1989).

On May 15, 1989, the Appellate Division issued its mandate to the Superior Court. Prior to that date, on May 2, 1989, the Supreme Court of the Northern Mariana Islands (hereafter "this Court") was established under the Commonwealth Judicial Reorganization Act of 1989, Public Law 6-25.

On May 19, 1989, the Bank of Guam filed separate appeals to this Court and to the United States Court of Appeals for the Ninth Circuit (hereafter "Ninth Circuit").[1]

---

[1] We have already determined that prior to May 2, 1989, the Ninth Circuit acted as a provisional appellate court of the Commonwealth in local cases. Wabol v. Villacrusis, No. 89-005 (NMI December 11, 1989). Previously, an appeal would have been taken to the Ninth Circuit from a decision of the Appellate Division. However, after May 2, 1989, Bank of Guam was not sure to which appellate court a further appeal would lie. Consequently, it appealed the Appellate Division's judgment to both the Ninth Circuit and to this Court.

Earlier, the parties had requested this Court to determine: (a) whether we had assumed jurisdiction of this appeal as of May 2, 1989, (b) whether the appeal had been properly brought to this Court, and (c) at which point in the appellate process the appeal was transferred to this Court.

On September 28, 1989, a single justice of this Court issued an order, ruling that (a) this Court had jurisdiction as of May 2, 1989, (b) that the appeal was properly brought before it through the filing of the notice of appeal, and (c) that this Court would process the appeal from the point when the Appellate Division was divested of jurisdiction.[2]

On October 6, 1989, the Bank of Guam filed a motion for review by the full panel of the jurisdictional order issued on September 28, 1989.

On March 8, 1990, the Bank of Guam filed a separate motion to dismiss its appeal without prejudice or, alternatively, to hold the matter in abeyance pending a final determination by the Ninth Circuit on the jurisdictional issue.[3]

---

[2] The only step remaining for the Appellate Division to take on May 2, 1989, was the issuance of a mandate. The mandate issued by the Appellate Division after May 2, 1989, was void and without force and effect in the Commonwealth.

[3] Counsel advised us at the hearing that the Ninth Circuit is currently considering this issue.

## ISSUES

The principal issues raised by the motions are:

1.   Whether we assumed jurisdiction over this appeal, which was pending before the Appellate Division on May 2, 1989.

2.   Whether we should dismiss this appeal without prejudice or hold it in abeyance until the Ninth Circuit decides the question as to its own jurisdiction over the appeal.

For the reasons set forth below, we conclude that this Court has jurisdiction over the appeal; that the appeal was properly transferred to us; and that we should neither dismiss the appeal without prejudice nor hold it in abeyance.

## DOES THIS COURT HAVE JURISDICTION?

Between the time that the single justice issued his order on September 28, 1989, and the submission of these motions for our consideration, this Court issued a decision as to its jurisdiction in pending appeals in Wabol v. Villacrusis, No. 89-005 (NMI Dec. 11, 1989).   In Wabol, we carefully analyzed the judicial power of the Commonwealth under Articles II and IV of the Covenant.   We delineated the role of the U.S. Congress under the Covenant (Sections 401 and 402(c)) in establishing a federal district court for the Commonwealth and empowering it to receive appellate jurisdiction from CNMI laws.   We also delineated the role of the CNMI under the Covenant (Section 203(d)) in establishing its own trial and appellate courts, and its authority to use the District Court (Section 402(c)) as its own appellate court at any time and

164

from time to time. We concluded in <u>Wabol</u> that under the terms of P.L. 6-25, this Court assumed jurisdiction over all appeals pending before the Appellate Division and the Ninth Circuit on May 2, 1989.

The posture of this appeal is significantly different from <u>Wabol</u>. <u>Wabol</u> was appealed to the Ninth Circuit before May 2, 1989, and was pending in that court on the effective date of P.L. 6-25. This appeal was pending in the Appellate Division with no notice of appeal to the Ninth Circuit on May 2, 1989. In <u>Wabol</u>, the effect of P.L. 6-25 was to transfer the appeal from the Ninth Circuit to this Court because the notice of appeal to the Ninth Circuit was filed before May 2, 1989, and no decision had issued. In the appeal at hand, the effect of P.L. 6-25 is to transfer the appeal from the Appellate Division to this Court to hear any motions for reconsideration or to issue the mandate. In other words, this Court cannot sit in review of the Appellate Division's judgment. We can only process the appeal up to and including the issuance of a mandate.

The importance of this distinction is that the Ninth Circuit has ruled that it has appellate jurisdiction in cases appealed from the Appellate Division because 48 U.S.C. § 1694b(c)[4] provides that all appeals from the Appellate Division must be heard by the Ninth

---

[4] "The United States Court of Appeals for the Ninth Circuit shall have jurisdiction of appeals from all final decisions of the appellate division of the district court. The United States Court of Appeals for the Ninth Circuit shall have jurisdiction to promulgate rules necessary to carry out the provisions of this subsection."

165

Circuit. In Wabol, such an appeal had been initiated before the transfer date of May 2, 1989. In this case, there cannot be an appeal from the Appellate Division since no appeal was filed before that date. Thus, we find that, even under the reading of 48 U.S.C. § 1694b(c) by the Ninth Circuit, P.L. 6-25 effectively removed this appeal from the Appellate Division to this Court on May 2, 1989.

We respectfully disagree with the gloss given 48 U.S.C. § 1694b(c) by the Ninth Circuit in Wabol. The primary difference between this Court's opinion and that of the Ninth Circuit is that the Ninth Circuit opinion views 48 U.S.C. § 1694b(c) as an amendment to Section 403(b) of the Covenant. Wabol v. Villacrusis, No. 89-1736, slip op. at 1822 (9th Cir. Feb. 20, 1990). Therefore, since the Covenant requires that all appeals from a federal court be heard by the Ninth Circuit, the CNMI Legislature could not pass a law to divest the Ninth Circuit of its jurisdiction over pending appeals.

However, the Ninth Circuit failed to correctly identify the fundamental source of judicial authority of the Northern Mariana Islands. In Wabol, the Ninth Circuit stated: "The NMI Legislature's authority to establish a local appellate court is governed by Section 402 of the Covenant ...." Id. (Emphasis added.) That statement is fundamentally incorrect. Section 402 of the Covenant[5] provides for the trial and appellate jurisdiction

---

[5] "(a) The District Court for the Northern Mariana Islands will have the jurisdiction of a district court of the United States, except that in all causes arising under the Constitution, treaties or laws of the United States it will have jurisdiction regardless of the sum or value of the matter in controversy.

166

of the federal district court. It does not provide the authority for the NMI to <u>establish</u> a local appellate court.

■The source of judicial authority in the Northern Mariana Islands is found in Section 203(d):

> The judicial power of the Northern Mariana Islands will be vested in such courts as the Constitution or laws of the Northern Mariana Islands may provide. The Constitution or laws of the Northern Mariana Islands may vest in such courts jurisdiction over all causes in the Northern Mariana Islands over which any court established by the Constitution or laws of the United States does not have exclusive jurisdiction.

Essentially, this section provides that the ultimate decision as to which court should hear (for trial or appellate purposes) a case arising under the laws of the Commonwealth is a decision for the people (Constitution) or legislature (laws) of the Commonwealth. Therefore, it is manifestly impermissible for Congress to pass a law that places a case arising under the laws of the Commonwealth beyond the reach of the people or the legislature of the

---

■ (b)  The District Court will have original jurisdiction in all causes in the Northern Mariana Islands not described in Subsection (a) jurisdiction over which is not vested by the Constitution or laws of the Northern Mariana Islands in a court or courts of the Northern Mariana Islands. In causes brought in the District Court solely on the basis of this Subsection, the District Court will be considered a court of the Northern Mariana Islands for the purposes of determining the requirements of the indictment by grand jury or trial by jury.

(c)  The District Court will have such appellate jurisdiction as the Constitution or laws of the Northern Mariana Islands may provide. When it sits as an appellate court, the District Court will consist of three judges, at least one of whom will be a judge of a court of record of the Northern Mariana Islands."

Commonwealth. Yet, this is what the Ninth Circuit claims 48 U.S.C. § 1694b(c) does.

48 U.S.C. § 1694b(c) could not be read to amend Section 403(b) of the Covenant if the result would be the nullification of the NMI's judicial authority under Section 203(d). No amendment of the Covenant is possible that would, in effect, alter a fundamental provision of the Covenant, as defined in Covenant Section 105.[6] These provisions, which provide the basic balance of the relationship between the United States and the Northern Mariana Islands, can be altered only upon the mutual consent of the two parties.

If 48 U.S.C. § 1694b(c) were intended to place Commonwealth cases beyond the reach of the Commonwealth Legislature or Constitution, at any point in time, then it would be contrary to Section 203(d). That section cannot be altered without the consent of the Commonwealth of the Northern Mariana Islands. Therefore, if this interpretation is to be placed upon the 48 U.S.C. § 1649b(c), then that statute is in violation of the Covenant and cannot be enforced.

---

[6] "In order to respect the right of self-government guaranteed by this Covenant the United States agrees to limit the exercise of that authority so that the fundamental provisions of this Covenant, namely Articles I, II and III and Sections 501 and 805, may be modified only with the consent of the Government of the United States and the Government of the Northern Mariana Islands."

Section 203(d) falls under Article II.

168

## SHOULD THIS APPEAL BE DISMISSED WITHOUT PREJUDICE OR HELD IN ABEYANCE?

The only purpose of dismissing this appeal without prejudice or holding it in abeyance is to provide the appellant with the opportunity to pursue an appeal to the Ninth Circuit. Since we hold that the Ninth Circuit has no jurisdiction in this appeal, it would be inconsistent for us to allow, or encourage, the appellant to seek an appeal in that court from a Commonwealth case. Therefore, we deny both requests.

We believe this case is properly before this Court. It has been transferred here from the Appellate Division of the District Court by operation of law. Since the Appellate Division's judgment was rendered before May 2, 1989, that judgment is valid and enforceable.[7]

## WAS THIS APPEAL PROPERLY BROUGHT TO US?

In the order of September 28, 1989, a single justice ruled that this appeal was properly brought to this Court by the filing of a notice of appeal. Then, on March 14, 1990, the three justices of this Court issued a general order requiring appellants in all appeals pending before the Appellate Division on May 2, 1989, to re-file a notice of appeal from the Superior Court to this Court by May 31, 1990.

---

[7] Thirteen days after the judgment passed before the appeal transferred to us. Therefore, eighteen days remained before the mandate should issue under Rule 41, Com.R.App.Pro.

169

Such notice of appeal is different from the notice required by Com.R.App.Pro. 4(a)(1).[8] That rule does not apply to appeals which were _pending_ before the Appellate Division on May 2, 1989. The purpose of requiring the filing of another notice of appeal by an appellant, or the filing of a motion to assume jurisdiction by an appellee, is solely to provide a mechanism for the _transfer_ of the pending appeals from the Appellate Division to this Court.

P.L. 6-25 did not provide a specific procedure for the actual transfer of pending appeals from the Appellate Division or the Ninth Circuit to this Court. Thus, the single justice in his jurisdictional order of September 28, 1989, found it acceptable for the appellant to effectuate the lateral transfer of its appeal to this Court by re-filing the notice of appeal. This notice did not initiate the appeal from the Superior Court, and no filing fee is required since it had been paid when the original notice of appeal was filed. In the absence of any statutory mechanism to effectuate the actual transfer of the appeal from the Appellate Division to this Court, we find that the filing of a second notice of appeal to this Court is acceptable.

### ORDER

IT IS HEREBY ORDERED that this Court has jurisdiction over

---

[8] "In a civil case in which an appeal is permitted by law as of right from the Superior Court to this Court the notice of appeal required by Rule 3 shall be filed with the clerk of the Superior Court within 30 days after the date of entry of the judgment or order appealed from."

170

this appeal and the motion to dismiss without prejudice or hold this appeal in abeyance is hereby DENIED.

IT IS FURTHER ORDERED that the order of September 28, 1989, is hereby AFFIRMED. A mandate herein shall issue eighteen days after entry of this Decision and Order.

Entered this ____6th____ day of ____June____, 1990.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
REXFORD C. KOSACK, Special Judge